## SMITH vs SIMPSON.

### Opinion delivered September 25, 1902.

1. *Rehearing—Not Granted by One Judge—Time of Filing Petition—Rules of Court.*

> Sec. 1307, Mansf. Dig. (Sec. 809 Ind. Ter. Stat.) adopted and extended over the Indian Territory does not authorize the adoption of a rule of this court empowering any one of the judges of the court of appeals to allow and order a rehearing. Such order can only be made by the whole court upon a petition filed therein within the time fixed by rule 12.

On petition for rehearing. Petition denied.

For former opinion, see 3 Ind. Ter. Rep. 503.

RAYMOND, J.   This is a petition for a rehearing.   The opinion was delivered and filed in this court April 5, 1901, and is reported in 3 Ind. Ter. Rep. 503.   April 15, 1901, a petition for a rehearing was presented to Hon. John R. Thomas, then an associate justice of this court, who made upon the petition the following indorsement: "Filed with me April 15, 1901, and petition allowed, and a rehearing granted.   John R. Thomas, United States Judge Indian Territory and As- sociate Justice of the United States Court of Appeals for the Indian Territory."   This petition was filed in the office of the clerk of the United States Court of Appeals for the Indian Territory July 1, 1901.   Section 11 of an act of congress, to provide for the appointment of additional judges of the United States Court in the Indian Territory, and for other purposes, approved March 1, 1895 (28 Stat. 693, c. 145; Ind. Ter. Ann. St. 1899, § 55), provides:   "That the judges of said court shall constitute a Court of Appeals to be presided over by the judge oldest in commission as chief justice of said court, and said court shall have such jurisdiction and powers in said Indian Territory, and such general superintending control over the courts thereof as is conferred upon the Supreme Court of Arkansas over the courts thereof by the laws of said state, as provided in chapter 40 of Mansfield's Digest of the Laws of Arkansas, and the provisions of said chapter so far as they relate to the jurisdiction and powers of the Supreme Court of Arkansas as to appeals and writs of error, and as to the control and decision of causes, so far as they are applicable, shall, and they are hereby extended over and put in force in the Indian Territory."   Section 1307 of chapter 40 of Mansfield's Digest (Ind. Ter. Ann. St. 1899, § 809), which was adopted by the act of March 1, 1895, provides:   "The Supreme Court may make rules for the convenient dispatch of business, the preservation of order, the argument of cases or motions, the manner and time of presenting motions or petitions for re-

hearing, the time of issuing its mandates and decisions and mode of enforcing its mandates and orders, and may change the same. Provided, that no mandate shall issue or decision become final until after fifteen judicial days from the time the decision was rendered, not including the days of recess, unless the court in delay cases, and in cases involving no difficult question of law or fact, otherwise direct. If the court shall take a recess, or adjourn, or the term shall expire within fifteen days after a decision is rendered, and a petition for re-hearing is filed in such case during said term, or shall, within fifteen days after said court has taken such recess, or adjourned, or the term expired, be presented to one of the judges of said court, and by him ordered to be filed by his written endorsement thereon, and is accordingly filed within said time, all proceedings upon the decision and mandate therein shall be suspended until the tenth day of the next succeeding term of said court, by .which time said petition shall be acted upon unless the court shall otherwise order. Provided, that the court may, in term time, or a judge thereof in vacation, enlarge the time for filing petitions for re-hearing, and order that all proceedings upon the decision be stayed during such time." Section 12 of the rules of this court reads as follows: "A petition for re-hearing after judgment may be presented at the term at which judgment is entered, or within fifteen days thereafter, or at any time by special leave granted during the term, and must briefly and distinctly state the grounds; and will not be granted or permitted to be argued unless a judge who concurred in the judgment desires it, and if presented in vacation such re-hearing will be ordered at the instance of any such judge, and if such judge shall within ten days after the petition is filed grant such rehearing, the case shall be set down for such re-hearing at the next term." An erroneous impression seems to prevail in this jurisdiction that any judge of the Court of Appeals may grant a petition for a rehearing. The

petition for rehearing in this case was presented to one of the judges of the Court of Appeals, and a rehearing granted April 15, 1901.  It will be seen, by reference to section 1307 of Manfield's Digest (Ind. Ter. Ann. St. 1899, § 809), that one of the judges of the Supreme Court of the state of Arkansas had no power to grant a rehearing,  If the petition is presented to him in time, he may, by his written indorsement thereon, order the same to be filed, and order a stay of proceedings until the rehearing can be heard before the whole court at its next term. So much of rule 12 as provides that one of the judges can order a rehearing in a case is based neither upon law nor good reason. The whole court renders the opinion, and it must be for the whole court to decide, and not one of its members, whether or not there shall be a rehearing in the cause.  The petition for rehearing in this case was not filed in this court until July 1, 1901, 87 days after the opinion had been delivered.  The petition comes too late.  But, waiving this, we have again examined the record in this case and the briefs submitted, and are of opinion that the decision as reported is correct.

Petition for rehearing denied.